This suit was originally instituted against H. Carl Bell, Carl H. Bell and Mack Mitchell, alleged to be doing business as Service to Sawmillers, but prior to beginning of trial it was stipulated that H. Carl Bell was the only defendant.
Plaintiff sued to recover judgment for $250, alleged value of one used planer owned by him, which, he avers was "picked up" and removed by defendant from the premises of Chidlow Box and Crate Company, in the City of Shreveport, Louisiana, where it had been for some time. In amended petition, plaintiff alleged that "as a result of the said H. Carl Bell confiscating same (the planer) or taking (it) for his own use", he is indebted to petitioner therefor.
Answering, defendant avers that on or about December 18, 1944, he entered into an agreement with plaintiff, through his authorized agent, to the effect that if the planet's condition was the same as when he last saw it, over three years prior, he would pay $250 for it; that he sent a truck for the planer without seeing it and when it was delivered to his place of business in Shreveport, he discovered that while on the premises of Chidlow Box and Crate Company, *Page 770 
some unknown person had removed therefrom so many of its parts and accessories that it was rendered useless; that when he received from plaintiff, on or about December 18th, invoice of $250 for the planer, he offered to return it to him and has many times repeated the offer, all of which have been refused. He denies expressly that he has confiscated the property.
From a judgment for plaintiff for $250, defendant appealed.
Plaintiff acquired the planer in controversy in February, 1941, in satisfaction of a debt of $175 due him by the owner. It was immediately sold and delivered to Chidlow Box and Crate Company for $250, but soon thereafter this company found that the planer was not suited for its needs and plaintiff agreed to take it back for the price he was paid for it. From that time until defendant removed it in December, 1944, the planer remained on the premises of said company, subject to plaintiff's order.
From November, 1938, to May 5, 1944, defendant was in plaintiff's employ as sales manager. His son, Carl H. Bell, for almost the same period was general manager for plaintiff. Defendant knew that plaintiff had acquired the planer, had sold it to and had accepted its return from Chidlow Box and Crate Company. He also knew its whereabouts but says he had not seen it since it was taken back by plaintiff.
Defendant's testimony, in material respects, is quite contradictory. It contradicts, to some extent, the allegations of his answer and contents of letters written by him to plaintiff. He testified that he had an agreement with his son, representing plaintiff, in March, 1944, to buy the planer for $175. He alleged that this agreement occurred on December 18, 1944. The son was inducted into the armed services in March, 1944, and did not testify. If defendant did buy the planer through the son, he waited some ten months before removing it and did not inform plaintiff or any of his agents or representatives of his intention to do so. Plaintiff learned of the removal of the machine through someone in the office of Chidlow Box and Crate Company the day the removal occurred. Defendant was immediately charged with $250, and invoice therefor mailed to him. He returned this invoice to plaintiff with a letter, wherein he said: "* * * I am not interested in buying the machine twice; I am under the impression that it is mine already. I had it hauled to our yard for the purpose of scrapping it. It is here on the yard and if it is yours I will have it hauled over to your place free of charges to you. * * *"
The contents of this letter are wholly contradictory to defendant's pleadings and his testimony. He would have us believe that he purchased property he then knew he already owned. He did not state in this letter that the planer was useless on account of valuable parts having been removed therefrom.
In a letter to plaintiff on February 14, 1945, defendant stated that he was not interested in the machine at $250 but was willing to pay $125 for it. Nothing was said in this letter concerning the absence of parts from the planer. He testified that the machine was worth only $90 "as salvage". In a letter to plaintiff of December 20, 1944, he stated that he hauled the planer to his place "for the purpose of scrapping it."
It was only in April, 1945, that defendant advised plaintiff that he would not pay for the machine because it had been "stripped of almost everything that could be taken off of it." This appears to us, in view of established facts and circumstances, to have been an afterthought.
Mr. Cunningham, plaintiff, testified that he had not seen the planer since it was delivered to Chidlow Box and Crate Company. He did not testify specifically as to its value or condition when defendant took possession of it. Defendant argues that in view of plaintiff's testimony in these respects the value of the planer has not been established.
Defendant introduced no witnesses to support his testimony that the planer's value had been materially reduced because of the removal of parts therefrom, nor did he even attempt to prove, other than by himself, that at time of trial the allegedly removed parts were not then on the machine. *Page 771 
[1] If the machine had been in the condition defendant says it was when he removed it to his place, it was his obvious duty to have returned it to the place from which he removed it if plaintiff would not designate some other place. Retaining possession of the planer unfavorably affects the position taken by him when sued for its value.
[2] In view of defendant's own testimony, that he agreed to pay $175 for the planer, and other facts and evidence in the case, and in view of the fact that he did not satisfactorily prove that the machine had been stripped of parts prior to his possession thereof, we conclude that a value of $175 has been established. This conclusion is reached notwithstanding defendant alleged in his answer that he agreed to pay $250 for the property. Evidently the machine had a value of $250 when sold to Chidlow Box and Crate Company but it had not been used for nearly four years and, doubtless, had deteriorated in value to some extent.
For the reasons herein given, the judgment appealed from is amended by reducing the principal amount thereof to $175 and, as thus amended, said judgment is affirmed. Defendant is cast for all costs except those incurred in this court, for which plaintiff is cast.